**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| EMMA WESTFALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| MERCY HOSPITALS EAST | ) | Jury Trial Demanded |
| COMMUNITIES d/b/a MERCY | ) | |
| HOSPITAL ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through undersigned counsel, and for her Complaint, states as follows:

1. Plaintiff is an individual residing in St. Louis County, State of Missouri. (hereinafter "Plaintiff").

2. Mercy Hospitals East Communities (hereinafter "Defendant") is a Missouri Not for Profit corporation registered with the State of Missouri Secretary of State and doing business in St. Louis County, State of Missouri, as Mercy Hospital St. Louis at an office located at 615 S. New Ballas Rd., St. Louis Missouri 63141, where Plaintiff was located for the duration of Plaintiff's employment with Defendant.

3. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 2, 2019 against Defendant alleging age discrimination and harassment. The EEOC issued its "Right to Sue" letter on March 15, 2022. A true and correct copy of Plaintiff's EEOC charge and EEOC's "Right to Sue' letter are attached hereto as Exhibits A and B, respectively. *See Exhibits A and B attached hereto.*

4. This action is based on the EEOC charge attached hereto as Exhibit B provided pursuant to 42 USC 2000e, et. seq., known as The Civil Rights Act of 1964. This Court has original jurisdiction over this matter pursuant to 42 USC 2000e, et. seq. and 28 USC 1331. *See Exhibit B attached hereto.*

5. 42 USC 2000e-5(f)3 provides this action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in this case St. Louis County, State of Missouri, located in the Eastern District of Missouri.

6. Defendant operates an office in St. Louis County, State of Missouri where Plaintiff was employed, at all times herein.

7. Plaintiff, 68, is a black female formerly employed by Defendant.

8. Plaintiff was the subject of ongoing and continuous age discrimination by Defendant. Plaintiff was last employed with Defendant as Pre-Certification Specialist.

9. In continuous and ongoing fashion, certain other employees of Defendant, including Plaintiff's supervisors, were overly harsh, critical, and unjustified in their negative and derogatory assessment of Plaintiff's job performance.

10. Plaintiff was over 60 years of age at the time of this discriminatory treatment by Defendant and was clearly older than almost every other employee known to Plaintiff.

11. Based on comments regarding Plaintiff's age, Plaintiff was clearly the target of continuous and ongoing negative behaviors because of age discrimination by Defendant and its employees and supervisors. Plaintiff was denied the opportunity for further employment advancement because of age discrimination by Defendant and its employees and supervisors.

12. Because of the continuous and ongoing wrongful age discrimination

conduct by Defendant and its employees and supervisors Plaintiff was forced to endure for several months up to March 9, 2018, Plaintiff was forced to quit her employment and was wrongfully and illegally and constructively discharged on March 9, 2018

13. As a result of Defendant's conduct, Plaintiff has suffered emotional trauma and harm and other damages in violation of 42 USC 2000e, et. seq. and is entitled to relief under 42 USC 2000e, et. seq.

**WHEREFORE**, Plaintiff prays that this Honorable Court find in favor of Plaintiff and against Defendant in the amount of at least $1,000,000.00, plus punitive damages in the amount of at least $1,000,000.00, attorney's fees as appropriate and other relief as is just and equitable.

Respectfully submitted,

/s/ J. Christopher Wehrle
James Christopher Wehrle, #45592MO
**WEHRLE LAW LLC**
2601 S. Hanley Rd.
St. Louis, Missouri 63144
(314) 272-4113
(314) 272-4107 Facsimile
chris@wehrlelaw.com